*152 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
tin this matter, the Office of Disciplinary Counsel (“ODC”) appeals a decision of the disciplinary board ordering that respondent, Daniel James Stanford, be publicly reprimanded.
UNDERLYING FACTS
In March 1995, Reginald Milstead retained respondent to handle a personal injury claim. In May 1995, Mr. Milstead hired respondent to represent him in a criminal matter for a $5,000 fee. Mr. Milstead signed a document entitled “Authorization to Sign on Behalf of Client” (“Authorization”), which gave respondent permission to sign Mr. Milstead’s name on any settlement checks and releases in the personal injury matter.
In June 1995, respondent settled Mr. Milstead’s personal injury claim for $4,907 without first discussing the settlement with Mr. Milstead, who was incarcerated at the time. Pursuant to the Authorization, respondent endorsed Mr. Milstead’s name on the settlement check and signed his name on the release.
Instead of depositing the settlement check into a trust account, respondent cashed the check. He kept $1,226 as his attorney’s fee and withheld $770 to pay Dr. Joe Turk, who had treated Mr. Milstead’s injuries. Although the record does not establish the exact date Dr. Turk was paid, in a letter dated September 25, 2008, Dr. LTurk’s office stated, “After reviewing Mr. *153 Milstead’s medical records, it appears we have been paid in full.”
By letter dated August 22, 1995, respondent informed Mr. Milstead that his portion of the settlement funds ($2,911) had been applied to the $5,000 fee for the criminal case. He also informed Mr. Mil-stead that his records reflected an additional $575 in payments toward the criminal case fee, leaving a $1,514 balance. By letter dated December 11, 1995, respondent informed Mr. Milstead that his balance was $1,100 after family members made payments towards the criminal case fee. By May 1996, additional payments towards the criminal case fee resulted in a balance of $330. Respondent received no further payments.
In November 2006, Mr. Milstead filed a disciplinary complaint against respondent, alleging he never received any proceeds from the settlement check. He also alleged respondent misled him about the status of his personal injury claim and “forged” his signature on the settlement documents.
DISCIPLINARY PROCEEDINGS
In August 2008, the ODC filed one count of formal charges against respondent, alleging his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 1.15 (safekeeping property of clients or third persons), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Respondent answered the formal charges, denying any misconduct. The matter then proceeded to a formal hearing on the merits.

laHearing Committee Report

After considering the testimony and evidence presented at the hearing, the hearing committee made the following factual findings:
1. Any evidentiary issues surrounding the authenticity of the Authorization have been resolved in respondent’s favor in light of Mr. Milstead’s testimony at the hearing that the signature on the Authorization is his signature and the expert opinion of a duly qualified forensic document examiner that Mr. Milstead authored the signature on the Authorization.
2. Mr. Milstead and respondent agreed respondent would settle Mr. Mil-stead’s personal injury claim, sign Mr. Milstead’s name to all pertinent documents, and apply the settlement proceeds, less respondent’s 25% fee and Dr. Turk’s fee, toward the $5,000 criminal case fee.
3. Respondent was only able to locate Mr. Milstead’s legal file after formal charges had been filed against him. Respondent’s explanation of the delay in locating Mr. Milstead’s closed legal file is credible.[1]
4. In endorsing the settlement check and release, respondent sincerely believed he was acting appropriately, pursuant to the agreement with Mr. Milstead and with legal authorization. Respondent’s failure to obtain an appropriate power of attorney can be attributed to inexperience.
5. Respondent did not knowingly deceive Mr. Milstead concerning the *154 settlement and handling of the settlement funds or otherwise engage in conduct involving dishonesty, fraud, deceit, or misrepresentation in violation of Rules 8.4(b) and 8.4(c).
6. Respondent negligently handled Mr. Milstead’s property by failing to properly deposit the settlement check in a trust account and failing to render an appropriate accounting of the disbursement of the settlement funds to Mr. Milstead. Nonetheless, respondent has, through documentary and testimonial evidence, overcome any legal presumption that he misappropriated or knowingly converted client funds.
7. There is clear and convincing evidence that respondent violated Rules 1.4 and 1.15, but the violations were negligent, as opposed to knowing or intentional.
[48. Mr. Milstead suffered only de min-imis harm, if any, as a result of respondent’s misconduct.
Based on these facts, the committee determined respondent failed to properly communicate with his client and failed to appropriately manage and safeguard client funds. Respondent’s conduct violated his legal and ethical obligations. However, his conduct lacked any dishonest motive and caused no direct harm to his client. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is a public reprimand.
The only aggravating factor the committee found was vulnerability of the victim. In mitigation, the committee found the following factors: absence of a prior disciplinary record, absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and inexperience in the practice of law (admitted 1993).
Under these circumstances, the committee recommended respondent be publicly reprimanded.
The ODC filed an objection to the hearing committee’s report and recommendation, arguing the committee erred in concluding respondent did not convert funds and did not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The ODC suggested a suspension ranging from one year and one day to three years is appropriate for respondent’s misconduct.
In his brief to the disciplinary board, respondent asserted, for the first time, the affirmative defense of liberative prescription pursuant to Supreme Court Rule XIX, § 31, because his conduct was negligent and occurred more than ten years before Mr. Milstead filed his disciplinary complaint. Accordingly, he urged the board to dismiss the formal charges as having prescribed.
1 -Jtuling of the Disciplinary Board
Before addressing the merits, the disciplinary board addressed respondent’s li-berative prescription defense, concluding the plain language of Supreme Court Rule XIX, § 31 suggests the prescriptive period applies only where the complaint shows on its face that the misconduct occurred because of negligence. Because Mr. Mil-stead’s complaint alleged various acts of intentional misconduct, the board determined Rule XIX, § 31 does not apply.
Turning to the merits, the board adopted the hearing committee’s findings that Mr. Milstead agreed his settlement funds would be applied to the criminal case fee and that respondent did apply Mr. Milstead’s share of the settlement to the criminal case fee. However, respondent admittedly never obtained Mr. Milstead’s *155 consent to settle the civil case. Accordingly, the board rejected the committee’s determination that respondent acted negligently in failing to communicate with Mr. Milstead, and instead, determined respondent acted intentionally in violating Rule 1.4. It further agreed with the committee’s determination that respondent violated Rule 1.15 by his admitted failure to deposit funds owed to Dr. Turk into a trust account.
The board further determined that, by failing to properly communicate with Mr. Milstead and failing to deposit funds owed to a third-party medical provider in a trust account, respondent violated duties owed to his client and the public. His failure to communicate was intentional and created a potential for harm to his client. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is a public reprimand.
The board agreed with the committee that the aggravating factor of vulnerability of the victim is present. Additionally, the board found respondent’s refusal to acknowledge the wrongful nature of the conduct is an aggravating factor, bln mitigation, the board found the absence of a prior disciplinary record and inexperience in the practice of law.
In light of respondent’s inexperience in the practice of law at the time of the misconduct, and after considering this court’s prior jurisprudence involving similar misconduct, a majority of the board ordered that respondent be publicly reprimanded. Three board members dissented, finding a public reprimand is too lenient.
As previously noted, the ODC sought review by this court of the public reprimand. We ordered the parties to submit written briefs addressing the issue of whether the record filed herein supports the board’s report. Both respondent and the ODC submitted briefs in response to the order. In his brief, respondent objected to the board’s finding that he engaged in intentional misconduct and to the aggravating and mitigating factors found by the board. He also reurged his prescription defense.
DISCUSSION
As a threshold matter, we must first address respondent’s assertion that the charges against him are prescribed pursuant to the provisions of Supreme Court Rule XIX, § 31, which provides:
A disciplinary complaint, or the initiation of a disciplinary investigation with regard to allegations of attorney misconduct, where the mental element is merely negligence, shall be subject to a prescriptive period of ten years from the date of the alleged offense.
For this rule to apply, two elements must be established: (1) ten years must have passed since the offense; and (2) the lawyer’s mental state must have been negligent. In the instant case, the temporal element is clearly satisfied because the complaint against respondent was lodged in 2006, more than ten years from the date the underlying conduct occurred in 1995. Nevertheless, the disciplinary board held |7that the second element could not be satisfied because the prescriptive period only applies where the complaint shows on its face that the misconduct is attributable to negligence.
We disagree. If prescription is determined solely from the allegations of the complaint, a respondent would be precluded from raising prescription even though the record developed at a hearing establishes a negligent state of mind. We construe Supreme Court Rule XIX, § 31 as follows: a respondent may raise the prescription issue if the complaint or inves *156 tigation involves conduct which took place more than ten years ago. At the hearing before the hearing committee, the committee shall make a factual finding whether the conduct was negligent in nature. The hearing committee’s finding in this regard is subject to review by the disciplinary board and by this court.
Turning to the record in the instant case, we conclude the hearing committee was not clearly wrong in finding respondent’s state of mind was negligent. The record establishes that in endorsing the settlement check and release, respondent sincerely believed he was acting appropriately, pursuant to the agreement with Mr. Milstead and with legal authorization. While respondent should have obtained an appropriate power of attorney, his failure to do so was a product of his inexperience and negligent in nature. Similarly, the record supports the conclusion that respondent’s failure to properly deposit the settlement check and to render an appropriate accounting of the disbursement of the settlement funds to Mr. Milstead was not prompted by any dishonest motive and was negligent in nature.
Having found the underlying conduct occurred more than ten years ago and the respondent’s mental state was negligent, we conclude the matter is prescribed | ¿pursuant to Supreme Court rule XIX, § 31. Accordingly, pretermitting the merits, we now dismiss the formal charges as prescribed.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the briefs of the parties, it is ordered that the formal charges against respondent, Daniel James Stanford, be and hereby are dismissed pursuant to Supreme Court Rule XIX, § 31.
KIMBALL, C.J., dissented and would grant and docket this matter.
JOHNSON, J., dissented.
GUIDRY, J., dissented and assigned reasons.

. Respondent testified his secretary stored the file, along with other client files, in the attic of his house/office without his knowledge. Years later, in preparing to sell the house, respondent discovered the file in the attic.